UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

UNITED DISPENSER SERVICES, INC.,      Case No.: 21-20340-PDR
                                                     Chapter 11

      Debtor-in-Possession,
_____/

### DEBTOR-IN-POSSESSION'S VERIFIED
### MOTION TO DISMISS CHAPTER 11 BANKRUPTY CASE

UNITED DISPENSER SERVICES, INC. (the "Debtor"), by and through undersigned counsel, moves pursuant to section 305(a)(1) of the Bankruptcy Code to dismiss the above-caption Chapter 11 case (the "Chapter 11 Case") and in support thereof, states as follows:

### I. PRELIMINARY STATEMENT AND FACTS

1. The Debtor filed for Chapter 11 bankruptcy on October 28, 2021 (DE 1).

2. The Debtor's principal, David Fay, has been actively working on reinvigorating the Debtor's business operations; however, Mr. Fay has had numerous medical issues that have made it difficult to increase the Debtor's profitability in order to fund a Plan of Reorganization.

3. As a result of the Debtor's financial situation, and ongoing health issues, Mr. Fay and his spouse filed personal bankruptcy.

3. While Mr. Fay is recovering and business is starting to increase, revenue is still not sufficient to fund a plan

4. The Debtor would like to voluntarily dismiss its Chapter 11 bankruptcy case to allow it sufficient time to rebuild without prejudice as to refiling again.

### II. LEGAL STANDARD

Section 305(a)(1) of the Bankruptcy Code authorizes dismissal or suspension of the

Chapter 11 Case. That section provides:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if--
>
> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension

Although "section 305 is applicable only in narrow circumstances," it "grants bankruptcy courts significant discretion, in certain circumstances, to either dismiss or suspend" a bankruptcy case. In re Duratech Indus., Inc., 241 B.R. 283, 287 (E.D.N.Y. 1999). This discretion should be exercised as follows:

> [B]ankruptcy courts must look to the facts of each individual case. The focus on the individual facts of each case recognizes that the interests of the debtor and the creditors, which must be weighed under § 305, are unique to each individual case. Accordingly, a bankruptcy court is not bound by a prescriptive template; it may consider any factors it deems relevant to the determination of whether it is in the best interests of the parties to the suit to seek dismissal. Reasoned judgment based on articulated facts is the only test which the statute itself requires.

*In re Spade*, 269 B.R. 225, 228 (D. Colo. 2001) (internal citations and quotations omitted).

### III. ARGUMENT

The interests of the creditors and the Debtor are better served by dismissal of the Chapter 11 Case for at least three reasons.

*First*, at this point a reasonable confirmable chapter 11 would require additional administrative costs and place burdens on the estate that are not necessary.

*Second*, the Chapter 11 case has been pending for over a year, the Debtor's principal has filed for personal bankruptcy, and while Mr. Fay and the Debtor's business may be improving at this time, it is not sufficient to fund a plan of reorganization.

*Third*, there are no assets of the Debtor that are not fully encumbered by liens and,

therefore, would be of no value to general unsecured creditors.

## IV. CONCLUSION

This case presents one of the rare circumstances where dismissal under Section 305(a)(1) is in the best interests of the Debtor and its creditors. Unfortunately, no one stands to benefit from the Debtor remaining in bankruptcy, nor do any creditors stand to benefit from a conversion to Chapter 7 as all assets are encumbered. Accordingly, this case should be dismissed under Section 305(a)(1) of the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order granting this Motion; and dismissing the Chapter 11 Case.

Dated:  March 13, 2023

**VAN HORN LAW GROUP, P.A.**
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

By:/s/ Chad Van Horn, Esq.
Chad Van Horn, Esq.
Florida Bar No. 64500

### VERIFICATION

I verify under penalty of perjury that I am the President of United Dispenser Services, Inc. and as such have the authority to execute this Verification; and I have read the foregoing Verified Motion, know the contents thereof, and the same are true and correct to the best of my knowledge.

Dated:  March 13, 2023

UNITED DISPENSER SERVICES, INC.

By: _____
David Fay
Its:  President